## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **A.C., a minor, by JERRY C. and JENNIFER C., his parents,** | : | |
| | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:15-2198** |
| | : | |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **SCRANTON SCHOOL DISTRICT and SALISBURY BEHAVIORAL, HEALTH, INC.,** | : | |
| | : | |
| **Defendants** | | |

# M E M O R A N D U M

Plaintiffs Jerry C. and Jennifer C., individually and on behalf of their minor son A.C., filed this action alleging that A.C. was discriminated against and denied his right to a free appropriate public education ("FAPE") by defendant Scranton School District ("SSD") due to his disabilities in violation of federal law, including the Americans with Disabilities Act and §504 of the Rehabilitation Act. Plaintiffs also raised federal claims as well as state law claims against New Story, a private school which provides special education to students, owned and operated by defendant Salisbury Behavioral Health, Inc., (collectively "New Story"). Plaintiffs alleged that New Story denied A.C.'s right to FAPE and subjected him to an inappropriate standard of care as well as needless use of physical restraints.

Remaining in this case are plaintiffs' RA and ADA claims, Counts I & II, against SSD which are based on allegations occurring after April 8, 2013. Also, plaintiffs' ADA and RA claims against New Story contained in Counts III

and IV, as well as plaintiffs' state law claims contained in Counts V and VI of the complaint remain. (Doc. 40, Doc. 41).

Presently pending before the court is SSD's motion to dismiss, (Doc. 49), the crossclaims New Story asserted against it alleging that SSD is solely liable to plaintiffs for any damages they may recover and, is liable over or jointly and severally liable with New Story under indemnification and contribution. (Doc. 47 at 25-26). For the following reasons, SSD's motion to dismiss will be **GRANTED**.

## I.   FACTUAL BACKGROUND

Since the complete factual background of this case was detailed in the court's June 13, 2016 memorandum, (Doc. 40), it will not be fully repeated herein. Suffice it to say that plaintiffs' complaint, (Doc. 1), alleges that A.C. is a ten year old disabled child with special needs who has been diagnosed with Mixed Development Disorder, Autistic Spectrum Disorder, Mild Mental Retardation, ADHD and Mixed Receptive and Expressive Language Disorder. Based on his disabilities, A.C. is a student eligible for special education services as provided by the Individuals with Disabilities Educations Act ("IDEA"). A.C. resides within SSD and is a student of SSD. During the time that A.C. has been a student of SSD, Jennifer C. made repeated efforts to work with the administration for the proper placement and appropriate education of her son. She complained to SSD about the repeated use of

physical restraints on A.C. by SSD staff. Subsequently, SSD transferred A.C. to New Story, since it was licensed and approved to provide special education for elementary and secondary students with mental and physical disabilities. SSD contracts with New Story School to provide education to district students at New Story's facility in Throop, Lackawanna County, Pennsylvania. According to the complaint, New Story is a private academic school which is licensed and approved to provide special education for elementary and secondary students with various physical and mental impairments. Jennifer C. agreed to A.C.'s transfer by SSD to New Story. Plaintiffs allege that after A.C. was placed at New Story, he was improperly treated, including excessive use of physical restraints on numerous occasions, and that he did not receive the appropriate and required care. This treatment allegedly affected A.C.'s physical and emotional well being and hindered his educational progress. Plaintiffs' claim that the treatment at New Story deprived A.C. of his right to a FAPE and subjected him to an inappropriate standard of care for a child with his needs and disabilities.

On February 6, 2014, plaintiffs advised SSD that they wanted A.C. placed in an appropriate setting back within the district, and A.C. was removed from New Story.

## II.   PROCEDURAL BACKGROUND

The plaintiffs commenced this action on November 17, 2015, (Doc. 1), asserting federal claims against both SSD and New Story under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12131, *et seq*., (Counts I & III, respectively), and under Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §794, (Counts II & IV, respectively). The plaintiffs also raise state law claims for negligence and intentional infliction of emotional distress ("IIED") against New Story, (Counts V & VI). As relief against SSD and New Story regarding their federal claims, plaintiffs request compensatory damages and attorneys' fees. Plaintiffs request compensatory damages, punitive damages and attorneys' fees against New Story with respect to their state law claims.

On January 22, 2016, SSD filed a motion to dismiss the plaintiffs' complaint with respect to both of their federal claims under Fed.R.Civ.P. 12(b)(6), and in the alternative a motion to strike allegations in the complaint under Fed.R.Civ.P. 12(f) that are time barred. (Doc. 17, Doc. 28, Doc. 33).

On February 2, 2016, New Story filed a motion to dismiss the plaintiffs' complaint with respect to all of their claims under Fed.R.Civ.P. 12(b)(6). (Doc. 29, Doc. 34).

On June 13, 2016, the court issued a memorandum, (Doc. 40), and order, (Doc. 41), denying SSD's motion to dismiss, (Doc. 13), with respect to plaintiffs' RA and ADA claims, (Counts I & II), which are based on allegations

occurring after April 8, 2013. SSD's motion to dismiss was granted to the extent that plaintiffs' allegations pre-dating April 8, 2013 cannot be the basis for their federal claims since they are time barred. SSD's motion to strike plaintiffs' allegations pre-dating April 8, 2013 was denied. New Story's motion to dismiss, (Doc. 14), all of plaintiffs' claims against it was denied.

On June 27, 2016, SSD filed its answer to plaintiffs' complaint with affirmative defenses. (Doc. 46). On July 15, 2016, New Story filed its answer to plaintiffs' complaint with affirmative defenses as well as crossclaims against SSD.[1] (Doc. 47). In its crossclaims, New Story alleges that if the averments in plaintiffs' complaint are established and plaintiffs prevail on their claims, "[SSD] is solely liable, liable over or jointly and severally liable, with New Story under the Doctrine[s] of Indemnification and Contribution." New Story also alleges that if plaintiffs recover damages, "then said damages are the result of the acts or omissions of [SSD], and not the acts or omission of New Story." (Id. at 25-26).

This court's jurisdiction over the plaintiffs' federal claims is based on 20 U.S.C. §1415(i)(2) and 28 U.S.C. §1331. The court's pendent jurisdiction over the plaintiffs' state claims is based on 28 U.S.C. §1337.

---

[1] Although New Story asserts its crossclaim for indemnification and contribution together, the court shall refer to them as crossclaims since they are separate legal theories and discussed separately herein.

## III.    STANDARDS OF REVIEW

SSD's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65)).

In Travelers Indem. Co. v. Dammann & Co., Inc., 594 F.3d 238, 256 n.

13 (3d Cir. 2010), the Third Circuit noted that the pleading standard annunciated in *Iqbal* applies to crossclaims.

Lastly, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).


## IV.    DISCUSSION

SSD moves to dismiss New Story's crossclaims alleging that SSD is solely liable to plaintiffs for any damages. In the alternative, New Story alleges that if it is held liable to plaintiffs for any damages, then SSD is liable over to it based on contribution and/or indemnification. New Story also alleges that SSD is jointly and severally liable with it. Under the theories of contribution and indemnification, SSD would be required to compensate New Story, not the plaintiffs. SSD argues that the conclusory statements alleged in New Story's crossclaims do not suffice under the pleading requirements of *Iqbal* and do not satisfy Fed.R.Civ.P. 13(g) which it argues requires supporting facts. As such, SSD contends that the conclusory averments in New Story's crossclaims do not state plausible claims for indemnification and contribution.

Federal Rule of Civil Procedure 13(g) pertains to a crossclaim against a co-party and provides that any claim by one party against a co-party that "arises out of the transaction or occurrence that is the subject matter of the original action" may be plead as a crossclaim and "[t]he crossclaim may include a claim that the co-party is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." It is clear that New Story's claims against SSD arise out of the occurrences that are the subject matter of plaintiffs' complaint against both of them. Rule 13, like Rule 14 which relates to third party complaints, is procedural and "does not itself create a right to indemnity or contribution." Kohn v. Sch. Dist. of City of Harrisburg, 2012 WL 1598096, *3 (M.D.Pa. May 7, 2012) (Court held that Rule 14 was procedural and did not create a right to indemnity or contribution.") (citation omitted). Rather, the right to indemnity or contribution "must come from the applicable substantive law." Id. (citation omitted). New Story bases its crossclaims on Pennsylvania law.

Under Pennsylvania law, "[a] right to contribution arises only among joint tortfeasors." Id. (citation omitted). "[J]oint tortfeasors 'either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury' or they are 'two or more persons [who] owe to any other the same duty and by their common neglect such other is injured.'" Id. (citation omitted). "[J]oint tortfeasors must owe the 'same duty' to the plaintiff, at least in the sense that they each owe a duty to the plaintiff, even if the

8

cause of action is different." Id. at *5 (citation omitted).

Pennsylvania courts consider the following factors in determining if defendants are joint tortfeasors:

> the identity of a cause of action against each of two or more defendants; the existence of a common or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place or result; whether the injury is direct and immediate, rather than consequential, responsibility of the defendants for the same *injuria* as distinguished from *damnum*.

Voyles v. Corwin, 295 Pa.Super.Ct. 126, 130–31, 441 A.2d 381, 383 (1982).

In the instant case, plaintiffs have alleged that SSD and New Story both had a common duty to them and plaintiffs have asserted common causes of action against them. Plaintiffs allege that both SSD and New Story improperly treated A.C. when he was enrolled in their schools, including excessively using physical restraints on him, and that they denied him appropriate and required care. Plaintiffs also allege that SSD contracts with New Story to provide education to district students at New Story's facilities and that A.C. was transferred by SSD to New Story. Plaintiffs have basically alleged that both defendants acted together in denying A.C. proper care and in improperly restraining him which resulted in direct injury to A.C. If plaintiffs prevail, both defendants would share in their liability to plaintiffs.

Although the allegations in plaintiffs complaint meet the above factors and show that New Story and SSD had the same duty to them and that New Story can be a joint tortfeasor with SSD, New Story's crossclaim for

9

contribution is woefully deficient. When ruling on a Rule 12(b)(6) motion, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, 231 n. 14 (3d Cir. 2013). New Story recognizes that its crossclaims do not specifically allege any facts, including facts showing it is a joint tortfeasor with SSD. However, New Story states that SSD's motion is premature and that it has alleged enough facts regarding its crossclaims to put SSD on notice. New Story also states that it should be allowed to conduct discovery regarding its crossclaims against SSD. (Doc. 51, at 8-9).

SSD's motion to dismiss New Story's crossclaim for contribution will be granted and this crossclaim will be dismissed without prejudice. Based on the above, the court does not find that it would be futile to allow New Story to amend this crossclaim and to conduct discovery regarding this claim.[2]

The court now considers whether New Story can assert a crossclaim for indemnity against SSD. In Amco Ins. Co. v. Varish Const., Inc., 2010 WL 3239395, *2-*3 (M.D.Pa. July 15, 2010), adopted by 2010 WL 3239231 (M.D.Pa. Aug. 16, 2010), the court stated: **check cite***

> "Indemnification is 'a fault shifting mechanism.'" Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 174 (3d Cir. 2008) (quoting Sirianni v. Nugent Bros., Inc., 509 Pa. 564, 506 A.2d 868, 871 (Pa. 1986)). Indemnity "'shifts the entire loss from one

---

[2]In fact, the court recently extended the discovery deadline a second time in this case to May 8, 2017. (Doc. 65).

tortfeasor who has been compelled to pay it to the shoulders of another who should bear it instead.'" Walton, supra, 610 A.2d at 460 (quoting W. Prosser, Law of Torts at 310 (4th ed.1979)). Indemnity may be based either on a contractual provision or on the common law right of indemnification.

Thus, "[a] right to indemnification can arise from a contract to indemnify or by operation of common law." Banks v. City of Phila., 991 F.Supp.2d 523, 528 n. 9 (E.D.Pa. 2014) (citing Agere Sys., Inc. v. Advanced Envtl. Tech. Corp., 552 F.Supp.2d 515, 519 (E.D.Pa. 2008)). "Absent a contract to indemnify, a defendant will be entitled to indemnification if, due to no fault of his own, he has been legally compelled to pay for damages primarily caused by another." Id.; *see also* Allegheny Gen. Hosp. v. Phillip Morris, Inc., 228 F.3d 429, 448 (3d Cir. 2000) ("Under Pennsylvania law, indemnity is available only (1) 'where there is an express contract to indemnify,' or (2) where the party seeking indemnity is vicariously or secondarily liable for the indemnitor's acts.") (citation omitted); Kohn, 2012 WL 1598096, *3 (Under Pennsylvania law, "the right to indemnity is contractual or arises when a person not actively at fault has been compelled by a legal obligation to pay damages that have been caused by the tortious conduct of another." (citations omitted).

In its crossclaim, New Story does not allege the existence of any contractual right to indemnity owed to it by SSD. However, in its opposition brief, (Doc. 51, at 7-8), New Story contends that a contractual right to indemnity exists obliging SSD to indemnify it if it is found liable to plaintiffs. New Story states in its brief that it acted in accordance with the IEP for A.C.

11

developed by SSD which included the use of restraints and that every time it used restraints on A.C. SSD was contacted and given an incident report. New Story also states that SSD did not instruct it to refrain from using restraints. Thus, New Story contends that it acted at the direction of SSD and in accordance with SSD's IEP. New Story concludes that "[u]nder its contract with SSD, [it] is indemnified by SSD for the claims against [it] when it implemented the IEP developed by SSD." (Id.).

As mentioned, New Story does not allege in its crossclaim that SSD had a contract to indemnify it. Nor does New Story allege any of the stated facts detailed above that are in its brief. Since these facts are not alleged in New Story's crossclaim it cannot amend this claim in its brief in opposition. *See* Damiano v. Scranton Sch. Dist., 135 F.Supp.3d 255, 279 (M.D.Pa. 2015) (citing Sung Tran v. Delavau, LLC, 2008 WL 2051992, *11 (E.D.Pa. May 13, 2008) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); Ex rel. Zimmerman v. PepsiCo, Inc, 836 F.2d 173, 181 (3rd Cir.1988)). Additionally, plaintiffs' complaint does not raise the allegations that are stated in New Story's brief. In fact, plaintiffs' complaint alleges that New Story was negligent in its own right and engaged in its own intentional tortious conduct. Plaintiffs specifically allege that when A.C.'s was transferred, New Story knew "the limitations placed upon the use of restraints by A.C.'s treating physician" and that despite this knowledge, New Story improperly treated A.C. by using restraints on him which impeded

his education. (Doc. 1 at ¶ 69).

The court will grant SSD's motion and dismiss New Story's crossclaim for indemnity with prejudice. The court will not permit an amendment of this claim since it finds futility due to New Story's failure to even allege in its crossclaim that SSD had a contract to indemnify it and due to its failure to state the language of the contract providing for indemnification. In fact, when it seeks discovery regarding its crossclaims in its brief, New Story does not indicate that it will provide the indemnification provision to its contract with SSD. *See* Banks, 991 F.Supp.2d at 529 (claim for indemnification was based on an indemnity clause in lease agreement which was detailed in the allegations of the pleading). Rather, it states that SSD's motion should be denied "until New Story has been allowed discovery given that the facts at issue are within SSD's control." (Doc. 51 at 9). The stated deficient facts regarding New Story's crossclaim for indemnity are also within its control.

Moreover, New Story has not stated a viable crossclaim against SSD for common law indemnification. In Banks, 991 F.Supp.2d at 530, the court stated that the common law right of indemnification applies when a defendant's liability "arises not out of its own conduct, but out of a relationship that legally compels the defendant to pay for the act or omission of a third party." (quoting Morris v. Lenihan, 192 F.R.D. 484, 489 (E.D.Pa. 2000)). "Because the party seeking common law indemnity must demonstrate that there was no active fault on his own part, 'indemnity is unavailable to an

13

intentional tortfeasor because it would permit him to escape liability for his own deliberate acts.'" Id. (citation omitted).

SSD correctly points out that plaintiffs allege that New Story used inappropriate physical restrains on A.C. at least 23 times between January 2013 and February 2014 causing him to suffer harm. Further, SSD states that New Story has not shown how and under what legal theory it is liable to New Story with respect to New Story's own alleged intentional acts towards A.C. (Doc. 50 at 9).

Since New Story cannot show that there was no active fault on its part, common law indemnity is not available to it. *See* Banks, 991 F.Supp.2d at 531 (court cited several cases holding that Pennsylvania does not permit common law indemnification for intentional torts.) As such, it would be futile to allow New Story to try and amend a common law indemnity crossclaim against SSD.

Thus, SSD's motion to dismiss New Story's crossclaim for indemnification against it will be granted and this crossclaim will be dismissed with prejudice.

## V.    CONCLUSION

For the foregoing reasons, SSD's motion to dismiss New Story's crossclaims against it, (Doc. 49), is **GRANTED**. New Story's crossclaim for indemnification is **DISMISSED WITH PREJUDICE**. New Story's crossclaim

for contribution is **DISMISSED WITHOUT PREJUDICE**. A separate order
shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 29, 2017**